PREGERSON, J.,
concurring:
I concur in the result of the memorandum disposition, but disagree with the disposition’s analysis of Williams’s Speedy Trial Act claim. The disposition holds that Williams’s Speedy Trial Act claim fails because the parties’ pre-trial motions and the district court’s grant of the government’s request for a continuance create enough excludable time to satisfy the 70-day statutory time limit. I agree that delays caused by both parties’ pre-trial motions are excludable. These delays, taken together, place the date the trial commenced within the 70-day period. Therefore, there is no need the reach the question whether the delay resulting from the continuance is excludable under the “ends of justice” exclusion. Even if it were necessary to reach the ends of justice exclusion, I disagree that the exclusion applies in this case.
The period of delay that results from the court’s grant of a continuance is only ex-cludable from the 70-day period if granted “on the basis of [the court’s] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.” 18 U.S.C. § 3161(h)(7)(A). Although the Act provides that a court may consider “whether the failure to grant ... a continuance ... would deny ... the attorney for the Government the reasonable time necessary for effective preparation,” the Act prohibits a court from granting a continuance because of “lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.” 18 U.S.C. § 3161(h)(7)(B)-(C). No period of delay resulting for a continuance will be excluded unless the court “sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice [will be] served by [granting the continuance].” 18 U.S.C. § 3161(h)(7)(A).
Here, the government requested a continuance because it needed additional time to complete forensics tests, two of its necessary witnesses were unavailable, and the government had engaged in plea negotiations with defendant Williams. The district court granted the government’s request for a continuance because the court concluded that the government diligently prepared for trial. The district court observed that criminal cases rarely go to trial and never go to trial on the first setting in the District of Oregon. *680 Based on this observation,[1] the district court found that the government reasonably deferred expensive and time-consuming forensics testing until after Williams, through his counsel, advised the government that he would not accept the government’s plea bargain and intended to proceed to trial on the first setting. Additionally, the district court found that the government acted diligently because it began to pursue its forensics testing within the 70-day period.
The court’s findings were not sufficient to grant a continuance to serve the ends of justice because the government was not diligent in preparing for trial. The government had the evidence it needed to conduct the necessary forensics tests several months before trial, but delayed doing so until it was convinced that Williams intended to exercise his constitutional right to trial.
The district court’s observation that criminal defendants in the District of Oregon rarely go to trial and typically plead guilty should not excuse the government’s failure to diligently prepare for trial within the 70-day period mandated by Congress. As a practical matter, the government’s charging authority exerts pressure on criminal defendants to forego their constitutional right to a jury trial and to plead guilty early in the proceedings. When a defendant does not plead guilty within the time limits imposed by the government, and instead chooses to put the government to its proof, he may find that the indictment has been amended to charge additional offenses which could result in the imposition of a more severe sentence. Such practices should not be condoned. Nor should we condone the notion that the government benefits from such practices by gaining additional time to prepare for trial when a defendant fails to succumb to the pressure to plead guilty. A defendant should not lose the benefits of the Speedy *681 Trial Act just because he exercises his constitutional right to a trial.
Moreover, the fact that the government began to pursue its forensics testing within the 70-day period does not excuse the government’s lack of diligence in preparing for trial. The plain language of the Speedy Trial Act requires that a defendant receive a trial within 70 days and does not provide an exception just because the government begins trial preparation within that period. 18 U.S.C. § 8161(c)(1).
It is important to bear in mind that before granting a continuance that would delay a criminal trial beyond the 70-day period, the Speedy Trial Act requires that the trial court find that the ends of justice will be served. 18 U.S.C. § 3161(h)(7)(A). The district court provided no legitimate findings on the record to justify granting the government’s request for a continuance to serve the ends of justice. Accordingly, the delay resulting from the continuance should not be excluded from the 70-day period. Nevertheless, Williams’s rights under the Speedy Trial Act were not violated because the pre-trial motions created more than enough excludable time to satisfy the Act. Therefore, there was no need to reach the question whether the ends of justice exclusion applies. That discussion, I suggest, is dicta.

. The majority contends that the district court did not use its observation regarding the rarity of criminal trials as a basis for its ends of justice ruling. The hearing transcript indicates otherwise:
I’m going to make some general observations about how I've noted the criminal bar in this district to deal with proceedings. Not for purposes of suggesting in any way that Mr. Williams is held to any different standard, but to set a context for what I think has become the reasonable expectation of the criminal bar here: the prosecutors and defenders.
As I noted earlier on the record, the vast majority of all our criminal cases resolve by — in manners other than a jury trial. The vast majority resolve either by a diversion agreement, dismissal by the Government voluntarily, some form of plea agreement.
I can't think of one case that went to trial on its first setting, and I haven't been able to find one, when I learned of this issue.
And the real legal question then becomes whether the Government ... can be accused of a lack of diligence in preparing for trial for failing to obtain witnesses by waiting [to receive] this clear signal from defense counsel to complete its trial preparation.
The fact of the matters is [that] prosecutors, like the defenders — again, as a matter of common practice, sometimes defer certain costs, certain time consuming activities, in the interests of avoiding incurring unnecessary expense or delay for matters that might not be needed. Certain kinds of preparation isn't expected unless a case is going to trial.
So, really, the issue is whether the Government, in assuming until told otherwise that the case was not ... going to go to trial on the first setting, was somehow unduly diligent in violation of sub — of Chapter C.
I don't find that to be the case here. It is clear that issues of a DNA sample and issues of resolution were being pursued by the Government within the 70-day time period.
I am therefore granting the motion.